IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NOS. WR-63,413-01 & WR-63,413-02






EX PARTE CARL RAY SIMPSON, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS 

CAUSE NOS. CR-02K-160 & CR-03K-170 IN THE 

222ND DISTRICT COURT OF DEAF SMITH COUNTY




 Per curiam.

 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. 
Applicant pleaded guilty to two felony offenses of possession of a controlled substance with
intent to deliver, and punishment was assessed at two concurrent eighteen year terms of
confinement. No direct appeal was taken.

 Applicant contends he received ineffective assistance of counsel. Specifically,
Applicant asserts that his plea was not knowingly and voluntarily entered because he was
erroneously advised by trial counsel that, if Applicant pleaded guilty, his sentences would
run concurrently with Applicant's federal sentence.

 The trial court has entered findings of fact and conclusions of law, finding that trial
counsel's advice regarding the operation of Applicant's sentences was not within the range
of competence for a criminal attorney and therefore, constituted deficient performance and
cast doubt on the validity of Applicant's guilty plea. However, we do not believe that those
factual findings are sufficient to completely resolve the issues presented. Because Applicant
has stated facts requiring resolution and because this Court does not hear evidence, it is
necessary for the matter to be remanded to the trial court for resolution of those issues. The
trial court shall resolve those issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d),
in that it shall order an affidavit from trial counsel, Jeff Blackburn, or it may order a hearing. 
In the appropriate case the trial court may also rely on its personal recollection. 

 If the trial court elects to hold a hearing, it shall first decide whether Applicant is
indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 The trial court shall then make findings of fact as to whether trial counsel advised
Applicant that, if Applicant pleaded guilty, his sentences would run concurrently with
Applicant's federal sentence. The trial court shall also make any further findings of fact and
conclusions of law it deems relevant and appropriate to the disposition of the application for
writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294
(Tex.Crim.App. 1960), this application for a post-conviction writ of habeas corpus will be
held in abeyance pending the trial court's compliance with this order. The trial court shall
resolve the issues presented within 90 days of the date of this order. (1) A supplemental
transcript containing any affidavits, the transcription of the court reporter's notes from any
interrogatories or hearings held, along with the trial court's findings of fact and conclusions
of law, shall be returned to this Court within 120 days of the date of this order. (2)


 IT IS SO ORDERED THIS THE TWELFTH DAY OF APRIL, 2006.





EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.